19063—Industrial Com. v. Grace Berry. Motion on Lake Appeals to certify. Dismissed by Commission. Dock. 4-8-25; 3 Abs. 249.

19121—Harry Menefee v. State. Motion to file pet. err. to Hamilton Appeals. Overruled. Dock. 5-6-25; 3 Abs. 313.

# Abstracts of Last Week's SUPREME COURT OPINIONS

## DIGEST OF OPINIONS

### No. 540

No. 18856—James A. Psaris v. Alma Fredericks. Error to the Court of Appeals of Stark County.

118. AUTOMOBILES—1. Rate of speed—Effect of amendments to 12603 GC. providing as to presumptive evidence of unreasonable speed.

2. Application of amended law to injuries received prior to its effective date.

ALLEN, J.

1. That part of Section 12603, General Code, which provides what rate of speed shall be presumptive evidence of a speed greater than is reasonable, read in conjunction with the other parts of the section prescribes a rule of conduct.

2. A personal injury was sustained upon February 4, 1923, in an automobile accident within a municipality but outside the business or closely built-up portions thereof. Upon February 4, 1923, Section 12603, General Code, provided that "a rate of speed greater than fifteen miles an hour in the business or closely built-up portion of a municipality, shall be presumptive evidence of a speed greater than is reasonable." Upon July 26, 1923, an amendment to Section 12603, General Code, became effective, changing the section so as to provide that "a rate of speed . . . more than twenty-five miles an hour in other portions of a municipality, shall be presumptive evidence of a speed greater than is reasonable."

An action growing out of the accident was begun in the Court of Common Pleas upon November 13, 1923. Held: That it was not error for the trial judge to charge the jury that the provisions of Section 12603 as they existed upon February 4, 1923, prior to the effeffctive date of the amendment, were to be applied in reaching their verdict.

Judgment affirmed.

Marshall, C. J., Jones, Day, Kinkade, and Robinson, JJ., concur. Matthias, J. concurs in the syllabus.

### No. 541

No. 18956—Harold Grossweiler v. State of Ohio. Error to the Court of Appeals of Stark county.

856. RAPE—Assault with intent to commit—Existence at time of attempt to commit, and to use force if necessary and of intent to abandon purpose upon refusal.

MARSHALL, C. J.

Upon a trial upon an indictment for assault with intent to commit rape, where the general charge contains no instruction upon the question of the intent of the accused to use such degree of force as might be necessary to enable him to overcome the resistance of the prosecutrix and to accomplish his purpose, it is reversible error to refuse to give to the jury as a part of the general charge the following requests, or the substance thereof:

"I charge you as a matter of law that if you find in this case that the plaintiff in error made an approach towards the prosecuting witness with intent to procure her consent to have sexual intercourse with her, and if she refused, he abandoned the purpose, such act would not constitute an assault with intent to commit a rape;

"I charge you as a matter of law that to sustain a conviction upon an indictment for assault with intent to commit rape, the testimony must show not only that the accused had a purpose at the time of the assault to have sexual intercourse with the prosecuting witness, but also that he intended to use whatever degree of force might be necessary to enable him to overcome her resistance, and accomplish his purpose."

Judgment reversed.

Jones, Matthias, Kinkade and Robinson. JJ., concur.

### No. 542

No. 19018—The State, ex rel. Edward Boss et al. v. William F. Hess, Auditor. Error to the Court of Appeals of Hamilton county.

1157. TAXATION—1. Exempt property must be used exclusively for charitable or public purposes.

2. Sec. 5349 GC. exempting certain property, in conflict with Art. XII, Sec. 2 of Const.

ROBINSON, J.

The provision of Section 5349, General Code "leaseholds, or other estates of property, real or personal, the rents, issues, profits and income of which is given to a city, village, school district, or subdistrict in this state, exclusively for the use, endowment or support of schools for the free education of youth without charge, shall be exempt from taxation as long as such property, or the rents, issues, profits or income thereof is used and exclusively applied for the support of free education by such city, village, district or subdistrict," is in conflict with Section 2 of Article XII of the Constitution of Ohio, in so far as it applies to a leasehold, or other estate of property, real or personal, which is not an institution used exclusively for charitable purposes and is not public property used exclusively for any public purpose.

Judgment affirmed.

Marshall, C. J., Jones, Matthias, Allen and Kinkade, JJ., concur.